Matthew H. Poppe (State Bar No. 177854)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   (650) 614-7400
Facsimile:    (650) 614-7401

Robert M. Isackson (admitted *pro hac vice*)
W. Benjamin Tabler (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY  10103
Telephone:   (212) 506-5000
Facsimile:    (212) 506-5151

Attorneys for Plaintiff
NIKKO MATERIALS USA, INC. d/b/a GOULD ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIKKO MATERIALS USA, INC., an Arizona corporation, d/b/a GOULD ELECTRONICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>R.E. SERVICE CO., INC., a California corporation,<br><br>Defendant. | CASE NO. CV 03-02549 SBA (JL)<br><br>**[PROPOSED]** ORDER SUSTAINING PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF GREGORY L. LUCAS, ROBERT MORGENSEN, AND MARK FRATER IN SUPPORT OF R.E. SERVICE CO. INC.'S OPPOSITION TO NIKKO'S MOTION TO CORRECT THE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(A) OR IN THE ALTERNATIVE TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED R. CIV. P. 59(E) AND ARGUMENT THEREON<br><br>Hearing Date:  March 7, 2006<br>Hearing Time: 1:00 PM<br>Courtroom:  3<br><br>The Honorable Saundra Brown Armstrong |

1

[PROPOSED] ORDER SUSTAINING PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF GREGORY L. LUCAS, ROBERT MORGENSEN AND MARK FRATER
CASE No. Cv 03-02549 SBA

Dockets.Justia.com

This matter came before the Court on Plaintiff's EVIDENTIARY Objections To The Declarations Of Gregory L. Lucas, Robert Morgensen, And Mark Frater In Support Of R.E. Service Co. Inc.'s Opposition To Nikko's Motion To Correct The Judgment Pursuant To Fed. R. Civ. P. 60(a) Or In The Alternative To Alter Or Amend The Judgment Pursuant To Fed R. Civ. P. 59(e) And Argument Thereon.

The Court, having considered the pleadings and papers on file, **HEREBY ORDERS** that Nikko's objections are **SUSTAINED** as follows:

1. The declarations of Gregory L. Lucas, Robert Morgensen, and Mark Frater, and argument thereon, are inadmissible in their entirety as irrelevant and unduly prejudicial under Fed. R. Evid. 401 and 403.

RES' position in its Opposition fails to recognize that Nikko's motion merely seeks to correct a technical error by the Court in rendering a Judgment (Docket 528, entered 1/17/06) to reflect that a permanent injunction was granted by the Court in its Order (Docket 532, enter 1/12/06). The declarations submitted by RES to support its argument that a permanent injunction is no longer necessary are wholly irrelevant to the issue raised in Nikko's motion. Indeed, as recognized in the Court Order entered on January 12, 2006 (Docket 532), the Court already granted Nikko a permanent injunction. Thus, RES' declarations and the argument thereon are excluded as irrelevant under Fed R. Evid. R. 401.

Moreover, even if deemed relevant by the Court, the declarations submitted by RES in support of its Opposition are more prejudicial than probative as they contain only the self-serving statements of interested parties without any substantive evidence to rely on. The declarations of Gregory L. Lucas, Robert Morgensen, and Mark Frater include broad statements about the state of the printed circuit board ("PCB") industry yet fail to disclose any substantive

2

[PROPOSED] ORDER SUSTAINING PLAINTIFF'S EVIDENTIARY
OBJECTIONS TO DECLARATIONS OF GREGORY L. LUCAS, ROBERT
MORGENSEN AND MARK FRATER
CASE NO. CV 03-02549 SBA

documents to support their analyses.  For this reason, the declarations submitted by RES are also excluded under Fed. R. Evid. R. 403 as being unduly prejudicial and lacking in probative value.

2.  The declarations of Gregory L. Lucas, Robert Morgensen, and Mark Frater, and argument thereon, are inadmissible in their entirety under Fed. R. Evid. 602 because the declarations do not contain evidence sufficient to support a finding that the declarants have personal knowledge of the matters stated in their declarations.

3.  The declarations of Gregory L. Lucas and Robert Morgensen in their entirety, and ¶¶ 2-8 of the declaration of Mark Frater, and argument thereon, are excluded as inadmissible hearsay under Fed. R. Evid. R. 802.

Neither Gregory L. Lucas nor Robert Morgensen testified at trial, and Mark Frater never testified at trial or at a hearing to the truth of the matter asserted in ¶¶ 2, 3, 4, 5, 6, 7, and 8 in his declaration.  Thus, the declarations of Gregory L. Lucas and Robert Morgensen in their entirety, and ¶¶ 2-8 of the declaration of Mark Frater, and argument thereon, are excluded as inadmissible hearsay under Fed. R. Evid. R. 802.

4.  The declarations of Gregory L. Lucas and Robert Morgensen, and any argument thereon, are excluded in their entirety as containing improper expert opinions.

Neither Gregory L. Lucas nor Robert Morgensen was disclosed under Fed. R. Civ. P. R. 26(a)(2), and they are lay witnesses pursuant to Fed. R. Evid. R. 701.  Yet the substance of their declarations relies on expert opinions regarding, among other things, the state of the PCB industry and how the industry as a whole will benefit by the continued manufacture and sale of RES' SC3 product.  These statements fall outside the scope of lay witness opinions under Fed. R. Evid. R. 701.

Beyond this procedural objection, neither Gregory L. Lucas nor Robert Morgensen have provided sufficient bases for their opinions. Fed. R. Evid. R. 702 requires that there be "sufficient facts and data" to support an expert opinion. However, neither Gregory L. Lucas nor Robert Morgensen have provided any documentation or other evidence to support their sweeping statements regarding the PCB industry or its need for continued production of SC3.

For these reasons, the declarations of Gregory L. Lucas and Robert Morgensen, and any argument thereon, are excluded in their entirety.

**IT IS SO ORDERED.**

Dated: 3-16-06  _____
The Honorable SAUNDRA BROWN ARMSTRONG
United States District Judge

4

[PROPOSED] ORDER SUSTAINING PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS OF GREGORY L. LUCAS, ROBERT MORGENSEN AND MARK FRATER
CASE NO. CV 03-02549 SBA