IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKO MATERIALS USA, INC. d/b/a GOULD ELECTRONICS, INC., an Arizona Corporation,<br><br>   Plaintiffs,<br><br>   v.<br><br>R.E. SERVICE CO., INC., a California corporation,<br><br>   Defendant. | No. C 03-2549 SBA<br><br>**ORDER**<br><br>[Docket No. 539] |

This matter comes before the Court on Plaintiff Nikko Materials USA, Inc.'s ("Plaintiff" or "NIKKO") Motion to Correct the Judgment Pursuant to Fed. R. Civ. P. 60(a) or, in the Alternative, to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Plaintiff's Motion to Correct Judgment") [Docket No. 539]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Plaintiff's Motion to Correct Judgment [Docket No. 539].

**BACKGROUND**

Plaintiff Johnson & Johnston Associates, Inc. (now Nikko Materials USA, Inc. d/b/a Gould Electronics, Inc.) (hereinafter "Plaintiff") is a corporation that designs, develops, manufactures, and sells products for use in the printed circuit board industry. Plaintiff has obtained numerous patents in the

1  United States and abroad relating to the manufacture and design of printed circuit boards.

2  Plaintiff and Defendant R.E. Service Co., Inc. ("RES") have engaged in protracted litigation over three patent infringement actions. The first action between the parties commenced on October 6, 1992, when RES sued Plaintiff for a declaratory judgment alleging that Plaintiff's U.S. Patent No. 5,153,050 ("the '050 Patent") was invalid, unenforceable and not infringed. Plaintiff counterclaimed that RES was willfully infringing the '050 Patent through the manufacture and sale of its AC3 and AC2 products. In June 1994, a jury found that the '050 Patent was valid and that RES had indeed infringed it. Accordingly, on July 26, 1994, the Court entered a final judgment that the '050 Patent was not invalid and that it was infringed by RES' AC3 and AC2 products.

In late 1996, RES began to sell its SC2 and SC3 products. As a result, on January 21, 1997, Plaintiff initiated a second infringement action against RES alleging that RES' SC2 and SC3 products infringed the '050 Patent. Meanwhile, JJA was issued U.S. Patent No. 5,674,596 ("the '596 Patent")[1] on October 7, 1997.

On October 9, 1998, RES was prevented from producing and selling its SC2 and SC3 products when the Court issued an injunction following the second trial. During the next three-and a-half years, between October 1998 and March 2002, RES ceased to produce and sell its SC2 and SC3 products in compliance with the injunction.

On March 28, 2002, however, the Federal Circuit overturned the judgment in the second litigation and RES subsequently resumed production and sales of its SC2 and SC3 products.

On May 29, 2003, Plaintiff commenced a third action against RES, seeking relief for willful infringement of U.S. Patent Nos. 5,674,596 (the "'596 Patent") and 5,942,315 (the "'315 Patent"). On April 11, 2005, a unanimous jury found that RES made, used, offered to sell, and sold SC2 and SC3 products that infringed Plaintiff's '596 Patent, and that RES' infringement was willful. Acting in an advisory capacity only, the jury also found that RES had failed to show by a preponderance of the evidence that Plaintiff unreasonably delayed in filing suit for infringement of the '596 Patent.

---

[1] The '050 Patent is parent to the '596 Patent.

2

Following trial, Plaintiff filed, *inter alia*, a Motion for Permanent Injunction. On January 13, 2006, this Court issued an order granting Plaintiff's Motion for Permanent Injunction in its entirety. Pursuant to the January 13, 2006 Order, RES was required to provide an accounting on or before February 17, 2006 of any sales of any infringing products sold between the time the verdict was rendered, on April 12, 2005, and the date of the Court's Order. RES was also ordered to pay Plaintiff an amount equal to 7.5% of RES' gross revenues for any such post-verdict sales.

On January 17, 2006, the Court entered a final Judgment in favor of Plaintiff and against RES on, *inter alia*, Plaintiff's claim of willful infringement of the '596 Patent. The final Judgment, however, failed to include the pertinent language regarding the permanent injunction.

On January 25, 2006, Plaintiff filed the instant Motion to Correct Judgment.

On February 10, 2006, RES filed a Notice of Appeal, in which it appealed: (1) the Court's January 12, 2006 Order Denying RES' Motion for Judgment as a Matter of Law, or Alternatively, For a New Trial; (2) the Court's January 12, 2006 Order Denying RES' Motion for Application of Laches; (3) the Court's January 13, 2006 Order Granting Plaintiff's Motion re Award of Damages Including Prejudgment Interest, Motion for Permanent Injunction, and Motion for Enhanced Damages; (4) the Court's January 13, 2006 Order Granting Motion for Exceptional Case and Attorneys Fees; (5) the January 17, 2006 final Judgment; and (6) all interlocutory orders giving rise to the Judgment.

On February 13, 2006, Plaintiff filed a Notice of Appeal, in which it appealed the Court's January 13, 2006 Order granting RES' Motion to Dismiss Plaintiff's Counterclaim of Unenforceability.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(a) provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

3

Fed. R. Civ. P. 60(a).

Rule 59(e) also provides that a party may move to alter or amend a final judgment no later than ten days after the judgment is entered. Fed. R. Civ. P. 59(e). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based"; (2) the moving party presents "newly discovered or previously unavailable evidence"; (3) the motion is necessary to "prevent manifest injustice"; or (4) there is an "intervening change in controlling law." *Turner v. Burlington Northern Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003).

As a general rule, a district court is typically divested of jurisdiction once a notice of appeal has been filed. However, Rule 4(a)(4) of the Federal Rules of Appellate Procedure specifically provides that a notice of appeal filed after the district court announces judgment is not effective until the district court has disposed of all Rule 60(a) and Rule 59(e) motions filed no later than ten (10) days after judgment is entered. *See* Fed. R. App. P. 4(a)(4); *Miller v. Marriott International, Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).

Further, the Ninth Circuit has expressly held that a district court may "permissibly clarify its original order pursuant to Rule 60(a) despite the notice of appeal." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654-55 (9th Cir. 1991); *see also Huey v. Teledyne, Inc.* 608 F.2d 1234, 1237 (9th Cir. 1979) ("[W]hen . . . the omission falls within Rule 60(a), remand to effectuate its intent 'is a matter of mere form.'"). Additionally, the Ninth Circuit has held that a district court may retain jurisdiction to supervise and maintain the status quo during the pendency of an appeal or to aid in the execution of a judgment that has not yet been superseded. *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997).

## **ANALYSIS**

In the instant Motion, Plaintiff requests that the Court amend its Judgment pursuant to Federal Rule of Civil Procedure 60(a), so that the Judgment correctly reflects the Court's actual intentions with respect to the Court's Order granting Plaintiff's Motion for Permanent Injunction. Alternatively, Plaintiff moves for an amended judgment pursuant to Rule 59(e).

4

Specifically, Plaintiff asks that the Judgment include the same language that is set forth in the Court's Order granting Plaintiff's Motion for Permanent Injunction, including:

(1) that RES, its officers, agents, servants, employees, and attorneys, and any person or entity in active concert or participation with any such persons or entities, are immediately and permanently enjoined from infringing claims 12, 13, and 14 of United States Patent No. 5,674,596 by making, using, offering to sell, selling or importing into the United States RES' commercial laminate products sold under the trade names SC2 and SC3 for use in manufacturing printed circuit boards;

(2) that RES, its officers, agents, servants, employees, and attorneys, and any person or entity in active concert or participation with any such persons or entities, are immediately and permanently enjoined from infringing claims 12, 13, and 14 of United States Patent No. 5,674,596 by making, using, offering to sell, selling or importing into the United States a laminate product having either one or two sheets of copper foil joined at their borders by a flexible adhesive, including, without limitation, RES' SC2 and SC3 products in which the metal substrate is a steel or carbon steel and the flexible adhesive is applied in strips around the perimeter of the sheets;

(3) that RES, its officers, agents, servants, employees, and attorneys, and any person or entity in active concert or participation with any such persons or entities, are immediately and permanently enjoined from infringing claims 12, 13, and 14 of United States Patent No. 5,674,596 by assisting, aiding or abetting any other person in engaging in any of the proscribed activities referred to herein;

(4) that RES shall provide the Court and Plaintiff's counsel an accounting for all of its gross revenues resulting from or in connection with its making, using, offering to sell, selling, or importing laminate products having either one or two sheets of copper foil joined at their borders by a flexible adhesive (including, without limitation, RES' SC2 and SC3 products in which the metal substrate is a steel or carbon steel and the flexible adhesive

|   |   |   |
|---|---|---|
| | | is applied in strips around the perimeter of the sheets) between April 12, 2005 and the date of the Court's Order, inclusive; and |
| | (5) | that RES pay to Plaintiff an amount in United States dollars equal to 7.5% of RES' gross revenues resulting from or in connection with its making, using, offering to sell, selling, or importing laminate products having either one or two sheets of copper foil joined at their borders by a flexible adhesive (including, without limitation, RES' SC2 and SC3 products in which the metal substrate is a steel or carbon steel and the flexible adhesive is applied in strips around the perimeter of the sheets) between April 12, 2005 and the date of the Court's Order, inclusive. |

Plaintiff is correct that above-referenced language was inadvertently omitted from the Court's final Judgment due to an oversight. Plaintiff is also correct that it is beyond dispute that the Court intended to permanently enjoin RES from selling infringing products. As such, the Court finds that an amended judgment is warranted under Federal Rule of Civil Procedure 60(a). Since Plaintiff timely filed its Motion to Correct Judgment within ten days of the Court's final Judgment and before RES filed its Notice of Appeal, the Court also finds that it may permissibly rule on Plaintiff's Motion. Accordingly, Plaintiff's Motion to Correct Judgment is hereby GRANTED. Further, due to the fact that the relevant deadlines expired before the Court had the opportunity to rule on Plaintiff's Motion to Correct Judgment, the Court also GRANTS Plaintiff's request to adjust the deadlines relating to the accounting period and to re-open the case until RES complies with such deadlines. The Court finds this modification necessary to clarify RES' obligations to the Court in a manner that is consistent with the Court's initial intent.[2]

As a final matter, the Court finds it necessary to address RES' improper request for

---

[2] Alternatively, the Court finds that such modification is warranted under Rule 59(e). Specifically, Plaintiff has informed the Court that, due to the ambiguity created by the wording of the final Judgment, RES has ignored the Court's January 13, 2006 Order and has continued to sell its infringing products. *See* Poppe Reply Decl. at Ex. A. Thus, if the accounting period were not extended, Plaintiff, through no fault of its own, would be unfairly deprived of its full remedy for these infringing activities. This unintended result would be manifestly unjust to Plaintiff and not consistent with the Court's prior rulings.

6

reconsideration, which was included in RES' Opposition to the instant Motion. In essence, RES argues that this Court should reconsider its Order granting Plaintiff's Motion for Permanent Injunction pursuant to Federal Rule of Civil Procedure 60(b) based on certain "newly discovered evidence" pertaining to certain "changes" in Plaintiff's business operations.[3] As a preliminary matter, the Court notes that Plaintiff is correct that this argument is not properly before the Court, as it was not filed as part of a noticed motion, as required under Rule 60(b). More importantly, however, the Court finds RES' request to be utterly without merit and based on completely inadmissible and irrelevant evidence.[4] This Court has already found that the right to exclude others from practicing patented subject matter is inherent in patent law. *Studiengesellschaft Kohl mbH v. Northern Petrochemical Co.*, 784 F.2d 351, 357 (Fed. Cir. 1986). The Court also previously considered, and rejected, RES' assertion that the Court may deny Plaintiff injunctive relief based solely on RES' own self-serving assumptions regarding Plaintiff's future marketing plans. The Court therefore expressly warns RES that it would **NOT** be inclined to entertain or grant such a Rule 60(b) motion for reconsideration, were one to be filed.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff Nikko Materials USA, Inc.'s Motion to Correct the Judgment Pursuant to Fed. R. Civ. P. 60(a) or, in the Alternative, to Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) [Docket No. 539] is GRANTED. An Amended Judgment shall be issued forthwith.

IT IS FURTHER ORDERED THAT the above-captioned case shall be REOPENED and restored to the Court's active docket until such time as the deadlines set forth in the Amended Judgment are satisfied.

---

[3] Specifically, RES asserts that NIKKO has "closed all United States operations," a "fact" that RES is not in the position to know and which NIKKO vigorously disputes.

[4] As set forth in greater detail in a separate Order, the declarations of Gregory L. Lucas, Robert Morgensen, and Mark Frater are wholly irrelevant and contain inadmissible hearsay. They also contain the type of inadmissible "opinion" testimony that must be excluded under Federal Rules of Evidence 602, 701, and 702.

7

IT IS SO ORDERED.

Dated: 3-16-06

SAUNDRA BROWN ARMSTRONG
United States District Judge