IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKO MATERIALS USA, INC. d/b/a GOULD ELECTRONICS, INC., an Arizona Corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>R.E. SERVICE CO., INC., a California corporation,<br><br>　　　　Defendant. | No. C 03-2549 SBA<br><br>**ORDER**<br><br>[Docket No. 560] |

　　On March 16, 2006, this Court issued an Amended Judgment stating, *inter alia*, that no later than March 24, 2006, defendant R.E. Service Co., Inc. ("Defendant" or "RES") was required to provide to the Court and to Plaintiff Nikko Materials USA, Inc. ("Plaintiff" or "NIKKO") an accounting for all of its gross revenues resulting from or in connection with its making, using, offering to sell, selling, or importing laminate products having either one or two sheets of copper foil joined at their borders by a flexible adhesive (including, without limitation, RES' SC2 and SC3 products in which the metal substrate is a steel or carbon steel and the flexible adhesive is applied in strips around the perimeter of the sheets) between April 12, 2005 and the date of the Amended Judgment, inclusive.

　　RES did not provide the required accounting to the Court or to Plaintiff by the specified deadline. On March 31, 2006, Plaintiff filed the instant Ex Parte Request for a Further Amended

1 Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and for an Order to Show Cause Why
2 Defendant R.E. Service Co. and its President, Mark Frater, Should Not Be Adjudged in Contempt and
3 Sanctioned ("Ex Parte Request").  In the Ex Parte Request, Plaintiff requests that the Court extend the
4 deadline for Plaintiff to further amend the Court's Judgment in light of the fact that the information
5 necessary to amend the Judgment was not provided to Plaintiff by RES within the applicable period.
6 Plaintiff also requests that the Court issue an order to show cause why RES, and its President Mark
7 Frater, should not be adjudged in contempt and sanctioned for willfully failing to submit an accounting
8 by the Court-ordered deadline.

9       On April 3, 2006, RES' President, Mark Frater, submitted a declaration with the sales figures for
10 the period of March 1, 2005 through March 31, 2006 attached.  The accounting provided by Mr. Frater
11 on April 3, 2006 reflected total sales in the amount of $108,475.70.  The April 3, 2006 Frater
12 Declaration did not otherwise respond to Plaintiff's Ex Parte Request or provide any explanation,
13 whatsoever, as to why the accounting was submitted to the Court after the Court-ordered deadline.

14       On April 6, 2006, Mr. Frater filed a further declaration.  In the April 6, 2006 Frater Declaration,
15 Mr. Frater stated that the information provided to the Court on April 3, 2006 was erroneous and that,
16 due to a "computer error," sales figures for the period of April 29, 2005 to December 5, 2005 were
17 inadvertently omitted.  The accounting attached to the April 6, 2006 Frater Declaration reflected total
18 sales in the amount of $176,742.00 – a difference of over $65,000.

19       Having reviewed Plaintiff's Ex Parte Request, as well as Mr. Frater's Declarations, the Court
20 finds that Plaintiff has demonstrated good cause for granting its requests.  *See* Fed. R. Civ. P. 70 ("If a
21 judgment directs a party . . . to perform any . . . specific act and the party fails to comply within the time
22 specified, . . . [t]he court may [] in proper cases adjudge the party in contempt.").  The Court finds Mr.
23 Frater's apparently willful and knowing failure to comply with this Court's Orders and the Amended
24 Judgment to be extremely disconcerting.  Indeed, Mr. Frater has not provided the Court with *any*
25 explanation as to why the accounting was submitted late.  Further, the Court does not appreciate Mr.
26 Frater's haphazard manner of submitting information to the Court.  The fact that Mr. Frater claims that

2

he did not notice that over *seven months* of data was missing from the accounting submitted on April 3, 2006 defies credibility and suggests that Mr. Frater is either not being forthright with this Court or is not reviewing his Court submissions with the required diligence.  Moreover, Mr. Frater's disregard for this Court's directives has unduly delayed the timely resolution of this case and has needlessly necessitated the further expenditure of the Court's limited judicial resources, not to mention Plaintiff's.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Ex Parte Request [Docket No. 560] is GRANTED. The Court's March 16, 2006 Amended Judgment is further amended such that Plaintiff shall have until <u>May 12, 2006</u> to file its ex parte request to account for any damages relating to RES' making, using, offering to sell, selling, or importing laminate products having either one or two sheets of copper foil joined at their borders by a flexible adhesive (including, without limitation, RES' SC2 and SC3 products in which the metal substrate is a steel or carbon steel and the flexible adhesive is applied in strips around the perimeter of the sheets) between April 12, 2005 and March 16, 2006, inclusive.

IT IS FURTHER ORDERED THAT:

(1)     Defendant R.E. Service Co. and its President, Mark Frater, shall <u>personally</u> appear in Courtroom 3 of the United States Courthouse, 1301 Clay Street, Oakland, California, on **Tuesday, April 25, 2006, at 1:00 p.m.** to show cause why an Order should not be issued finding each of them in contempt and sanctioned for RES' knowing failure to complete and submits its accounting by March 24, 2006 as required in this Court's March 16, 2006 Amended Judgment.

(2)     At least ten (10) days prior to the date specified for the court appearance, Mark Frater and Defendant R.E. Service Co. must <u>each</u> file a Certificate with the Clerk of the Court explaining why he or it should not be held in contempt and sanctioned for RES' knowing failure to complete and submit its accounting by March 24, 2006 as required in this Court's March 16, 2006 Amended Judgment.

(3)      At least five (5) days prior to the date specified for the court appearance, Plaintiff is granted leave to file the appropriate documentation with the Court reflecting the amount of attorney's fees Plaintiff has expended due to RES' delay in providing the accounting to the Court.

3

(3) Please take notice that this Order requires <u>both</u> the specified court appearance <u>and</u> the filing of the Certificate. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO IMPOSE SANCTIONS.

IT IS SO ORDERED.

Dated: 4/10/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge